INZER, Justice:
This is an appeal from the Chancery Court of the Second Judicial District of Jones County, wherein the chancellor denied appellant’s petition to interplead into the court certain funds on deposit in its bank. We affirm.
Appellant instituted suit as holder of certain funds claimed by appellee, Mrs. Beulah Parsley. It named as defendants, along with Mrs. Parsley, the three co-executors of the estate of W. H. Gatlin, deceased, drawer of a disputed check. One of the three co-executors is the appellant bank itself.
On Friday, April 2, 1965, Mrs. Parsley presented the bank a check in the amount of $9100 drawn on the bank against the account of W. H. Gatlin. She was issued a deposit slip showing that amount had been placed in her checking account, and the check was duly charged against the account of W. H. Gatlin on Monday, April 5, 1965. Mr. Gatlin died on this day, prior to the time the check was actually charged to his account. There was a written acceptance of the check signified by the words, “O.K.— AGN,” which Mrs. Alma Noble, vice president of the bank, authorized to be placed there by Miss Betty Martin, head bookkeeper of the bank.
Mrs. Noble testified that during the week of April 5, 1965, she “had word that the check probably should not have been paid and that the estate would probably ask for the money back.” She said she notified Mrs. Parsley that there was controversy over the check and requested that she come to the bank to see her about it.
*821 At the suggestion of Mrs. Noble, the remaining funds then on deposit in Mrs. Parsley’s checking account, $8400, were transferred to a savings account. Prior to the transfer Mrs. Parsley had written checks totaling approximately $700. It was agreed that Mrs. Parsley could not withdraw the money from the savings account without the consent of the directors of the bank. After several months had elapsed, the bank filed its bill of interpleader and attempted to interplead not only the $8400 in the savings account to the credit of Mrs. Parsley, but also $700 that Mrs. Parsley had previously withdrawn from her account. Mrs. Parsley answered and contested the right of the bank to interplead these funds. This was the only issue before the court.
Mrs. Noble testified that the signature on the check in question was genuine. Counsel for appellant offered to prove by testimony of Mrs. Noble that Mrs. Parsley admitted to her that the check was altered so as to raise its amount after it was originally written. Objections to allowing the testimony were sustained, but counsel was allowed to show for the record the offer of evidence.
W. E. Howard, president and trust officer of the bank, testified that when members of the Gatlin family assembled in the bank for the reading of the will after the death of W. H. Gatlin, that “there was some in the room who questioned the signature * * but that he had never discussed with the co-executors of the estate of W. H. Gatlin whether the bill of interpleader should be filed.
At the conclusion of the testimony of appellant, Mrs. Parsley moved the court to exclude all of the evidence offered on behalf of appellant and to dismiss the bill for the reason that the proof established that the bank was under an independent liability to her and that the bank was not impartial. The court took the matter under advisement, and thereafter found that the bank had failed to meet its burden of proof and was therefore not entitled to interplead the funds into court. The petition for in-terpleader was denied and dismissed, and a final decree was entered accordingly.
Appellant assigns as error the trial court’s (1) finding that appellant had no right to interplead funds, and (2) refusing the offer of testimony by Mrs. Noble regarding an admission by Mrs. Parsley that the check was altered.
There are two reasons, in our opinion, why appellant has no right to interplead. First, the bank as drawee and acceptor of the check has an independent liability to Mrs. Parsley because it credited her account with the sum represented by the check. The placing of the balance of the funds in a savings account did not change the relationship of the parties.
The case of National Security Bank of Boston v. Batt, 215 Mass. 489, 102 N.E. 691 (1913), is similar in effect to the case at bar. There a bank, in payment to a wife of a check for $10,000 drawn by her deceased husband just before his death, charged the account of the executor, who was also the president of the bank, with the amount of the check and entered it to the wife’s credit, and, when later a dispute arose between the executor and the wife as to the fund, transferred it back to the account of the executor. The court held that the bank could not compel the wife and the executor to interplead, since, as the bank had credited the wife’s account with the amount, she might have a claim against the bank independent of whether she or the executor was entitled to the fund.
In the case of Runkle’s Administrator v. Runkle’s Administrator, 112 Va. 788, 72 S.E. 695 (1911), a bill of interpleader filed by a bank was dismissed for want of jurisdiction. The bank cashier qualified as the administrator of the husband’s estate and another person as the administrator of the wife’s estate, the couple having died within a few days of each other. Each administrator claimed money deposited by the bank cashier *822 to the estate of the wife the day after her burial. The court held that a bank coming into possession of money as debtor or bailee could not maintain a bill of interpleader against the administrators because of the bank’s independent liability as debtor or bailee.
The court there quoted 4 Pomeroy, Equity Jurisdiction 1322 (5th ed. 1941), which sets out four essential elements or conditions which must exist for the application of the equitable remedy of interpleader.
(1) The same thing, debt, or duty must be claimed by both or all the parties against whom the relief is demanded. (2) All their adverse titles or claims must be dependent upon or derived from a common source. (3) The person asking the relief — the plaintiff — must not have nor claim any interest in the subject matter. (4) He must have incurred no independent liability to either of the claimants; that is, he must stand perfectly indifferent between them in the position merely of a stakeholder.
A second reason the appellant here has no right to interplead is that it is not wholly disinterested, since it is acting in a dual capacity as Mrs. Parsley’s debtor or bailee and as executor of the estate.
As stated in 30 Am.Jur. Interpleader § 11 (1940):
It is of the essence of an interpleader suit, as distinguished from bills in the nature of interpleader, that the plaintiff shall be entirely indifferent to the conflicting claims, asserting no interest in himself in the fund or property in dispute. An attitude of perfect disinterestedness, excluding even an indirect interest, on the part of the plaintiff is indispensable to the maintenance of the bill; his position must be one of “continuous impartiality,” seeking only that the thing in his possession shall be awarded to the right party. It appears generally that the prerequisite of disinterestedness is not met where the stakeholder, acting in different capacities (for instance as trustee and as an individual), is a disinterested party if acting in the one capacity, but an interested party if acting in the other.
The rule that the complainant in a bill of interpleader must be impartial is firmly established in this state. We are unable to find any better statement relative to this rule than that in Griffith, Mississippi Chancery Practice § 423 (2d ed. 1950), wherein it is said:
The equity of a bill of interpleader exists and is available to a complainant only when he has no interest in the whole matter beyond paying or rendering the thing or debt to whom it is due, — to which end the thing or debt must be specific and definite, that is to say, there must be no dispute as to the amount or quantity thereof, and the situation must be one which no actionable wrong of the complainant has produced, and in which in its entirety he stands continuously impartial as between the other parties. In other words the whole situation must be such that when the fund or thing is paid or surrendered into court with his bill of interpleader the complainant will have no further litigious connection with the matter, and that it may thereafter completely proceed wholly between the defendants. And moreover a complainant cannot claim the equity if he waits until sued in two actions and has put the other parties to the expense of thus contesting with him and particularly so when such a contest has gone to judgment against him. The bill of interpleader will not be permitted to be turned into a device for reviewing or correcting judgments either at law or in equity.
As to the second assignment of error, appellant asserts that the offer of testimony on alteration of the check was made to show the necessity of interpleader since the family had notified the bank it would request that the amount of the check be repaid to the *823 estate, thus indicating there were conflicting claims.
This evidence was not material to the question of whether the bank, acting in dual roles, could interplead itself, and it was properly excluded.
For reasons indicated, the judgment of the trial court is affirmed.
Affirmed.
ETHRIDGE, C. J., and JONES, PATTERSON and ROBERTSON, JJ., concur.